Joseph R. BARKO, Appellant,

v.

Salvatore G. MONTELEONE, Respondent.

No. KCD 28762.

Missouri Court of Appeals, Kansas City District.

May 31, 1977.

David I. Westfall, Kansas City, for appellant.

No appearance for respondent.

Before DIXON, P. J., and WASSERSTROM and TURNAGE, JJ.

WASSERSTROM, Judge.

This suit originated in a Magistrate Court, where defendant suffered judgment by default. Upon sequestration of his salary due to him from Kansas City, Missouri, defendant moved to quash the execution and writ of sequestration and to set aside the judgment. That motion was overruled by the Magistrate Court. Defendant then appealed to the Circuit Court which granted the motion. Plaintiff now appeals that ruling. Defendant has filed no brief and the practice of this court is not to permit oral argument by a respondent who has failed to file a brief; plaintiff has waived oral argument; and accordingly this court now considers this appeal upon the basis of the record and plaintiff's brief.

The theory upon which the Circuit Court sustained defendant's motion was that there had been no valid service of summons. The facts in that respect are that the Magistrate clerk had prepared and delivered to the deputy constable two copies of the summons. One copy was the ribbon copy on the face of the summons and the face of the other copy was an impression through carbon paper. However, the clerk by error reversed the two papers when preparing the back side of the summons which contained the place for the constable's return, so that the ribbon copy on the face was the carbon copy on the back and the other copy was a ribbon copy on the back but a carbon copy on the face.

The deputy constable served the copy which was the ribbon copy on the face and

made return on the other copy. The Circuit Court held that Sections 517.110 and 517.120 RSMo 1969 and Rules 54.13 and 54.20 require that the return be made on the original summons, not on a copy thereof, and that the service in this case was therefore defective. We disagree.

When a document is prepared in multiple copies, as with carbon paper, each copy becomes a duplicate original. As stated in *Adler v. Ewing,* 347 S.W.2d 396, l. c. 402 (Mo.App.1961), "a 'duplicate' is an original instrument repeated, or a document the same as another in the essential particulars and differs from a copy in being valid as an original." This "duplicate original" rule is well established in the Missouri law. *Anglo-American Mill Co. v. Twin City M. & Mfg. Co.,* 225 Mo.App. 329, 35 S.W.2d 982, 985 [1] (1931); *Miller v. John Hancock Mut. Life Ins. Co.,* 155 S.W.2d 324, 328 [10] (Mo.App.1941); *Land Clearance for Redevelopment Auth. v. Zitko,* 386 S.W.2d 69, 80 [21] (Mo.banc1965). So the copy on which the deputy constable made her return in this case was as much an original as the one delivered by her to the person served.

This interpretation fully carries out the intention and purpose of the service rules which are merely to provide mechanics for bringing home notice to the defendant and to preserve a record of the act of service. See *Ward v. Cook United, Inc.,* 521 S.W.2d 461 (Mo.App.1975).

Reversed.

All concur.